IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HE LI, CHANGAI ZHUO, and ZEHAO LI : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> MICHAEL CHERTOFF, Secretary of the : <br> Department of Homeland Security, EMILIO : <br> T. GONZALEZ, Director of U.S. : <br> Citizenship & Immigration Services : <br> (USCIS); PAUL E. NOVAK, JR., Vermont : <br> Service Center Director, U.S. Citizenship & : <br> Immigration Services; ROBERT S. : <br> MUELLER, Director of Federal Bureau of : <br> Investigation, : <br> : <br> Defendants. : | C.A. No. 06-733-JJF |

**DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER THE COMPLAINT**

Defendants respectfully move the Court to extend the time to answer the Complaint and state the following in support of their Motion:

1. On April 10, 2004, Plaintiffs filed an I-485 application (the "Application") asking the United States Attorney General to exercise his discretion and adjust their immigration status to that of permanent residents. (Compl. ¶ 12.)

2. On December 4, 2006, Plaintiffs appeared pro se and filed the present action seeking a writ of mandaums to compel Defendants to "properly adjudicate Plaintiffs' [I-485] application," "provide Plaintiffs with Notice of Approval" of that application, and asking the Court to grant such other relief "as justice may require." (*Id.* ¶ 29.)

3. Because Plaintiffs served the United States Attorney General on December 11, 2006, it appears that some of the Defendants are due to respond to the Complaint on or before

February 12, 2007. The Court may extend the time for the Defendants to answer the Complaint for good cause. *See, e.g.*, *Niemic v. Maloney*, 409 F. Supp. 2d 32, 37-38 (D. Mass. 2005).

4.  Defendants are prepared to move to dismiss the Complaint for, among other reasons, lack of subject matter jurisdiction and failure to state a claim. *See, e.g.*, *Safadi v. Howard*, --- F. Supp. 2d ----, 2006 WL 3780417, at *4 (E.D. Va. Dec. 20, 2006) (dismissing complaint because the pace at which USCIS processes I-485 applications is not subject to judicial review); *Deen v. Chertoff*, 05-CV-1341 (DMC), 2006 WL 319297, at *2-3 (D.N.J. Feb. 10, 2006) (finding no jurisdiction over complaint seeking a writ of mandamus to compel the defendants "to adjudicate Plaintiff's application for adjustment of status"). However, as explained below, the Court may be able to avoid having to rule on a motion to dismiss because recent events may soon render this action moot.

5.  The undersigned is informed by USCIS that the FBI name checks for Plaintiffs He Li and Changai Zhuo (the parents) have recently been processed. Accordingly, USCIS is in the process of contacting the parents to schedule time to take their fingerprints; Plaintiff He Li is scheduled to have his fingerprints taken on February 21, 2007. The undersigned is informed that once the parents fingerprints are taken, their Application will likely be processed a few days thereafter, assuming the fingerprint checks reveal that the parents are eligible for the discretionary adjustment of status benefit, and do not reveal any national security or public safety risks.

6.  The undersigned is also informed that USCIS has requested that the FBI take the extraordinary measure to expedite the FBI name check for Plaintiff Zehao Li, the son, even though many other name FBI checks remain pending that were submitted before Plaintiffs'

Application. USCIS should know within a few weeks whether it is possible to expedite the FBI name check for Plaintiff Zehao Li.

7. Accordingly, Defendants respectfully move for an short extension of time to answer the Complaint, with the intention that the parents' Application will be processed during that time, assuming the fingerprint checks reveal that the parents are eligible for the discretionary adjustment of status benefit, and do not reveal any national security or public safety risks. The son's Application may also be processed during that time, assuming the it is possible to expedite the FBI name check, and the son's name and fingerprint checks reveal that the son is eligible for the discretionary adjustment of status benefit, and do not reveal any national security or public safety risks. As a result, this action may be rendered moot during the next sixty days. The undersigned will notify the Court if Plaintiffs' Application is processed. In the event Defendants are unable to process Plaintiffs' Application by the conclusion of the sixty-day extension, Defendants will move to dismiss or otherwise respond to the Complaint.

8. Plaintiffs' Complaint makes clear that Plaintiffs will not be harmed by this brief delay. Although Plaintiffs claim that the delay in processing their Application means they have been "unable to obtain legal permanent residence, travel and work without restriction, and accrue time to be eligible for Naturalization as a citizen of the United States" (Compl. ¶ 28), Plaintiffs do not explain how any of those alleged harms are irreparable. *See, e.g.*, *Chapinski v. Ziglar*, 278 F.3d 718, 721 (7th Cir. 2002) (dismissing complaint that the government's delay in processing his adjustment application left him in "no man's land" because the appellants were "in no imminent danger of deportation from the United States or separation from their families"); *Chan v. Reno*, 916 F. Supp. 1289, 1299 (S.D.N.Y. 1996) (where plaintiffs claimed they would be "left

in limbo" pending adjudication of their adjustment applications, holding that injury was "by no means 'irreparable,'" and dismissing complaint).

9.  Accordingly, the Defendants respectfully submit that they have shown good cause for an extension of time to respond to the Complaint, and request the Court grant them an additional sixty (60) days to file their response. A proposed order is filed herewith.

DATED: February 12, 2007.                                Respectfully Submitted,

                                                 COLM F. CONNOLLY
                                                 United States Attorney

By:   /s/ Seth M. Beausang
     Seth M. Beausang (I.D. No. 4071)
     Assistant United States Attorney
     The Nemours Building
     1007 Orange Street, Suit 700
     Wilmington, DE 19801
     (302) 573-6277

**CERTIFICATE OF SERVICE**

      I, Seth M. Beausang, hereby attest under penalty of perjury that on this 12th day of February, 2007, I caused two copies of the Defendants' Motion to Extend Time to Answer and Proposed Order to be served on the pro se Plaintiffs by First Class Mail at the following address:

He Li
Changai Zhuo
Zehao Li
403 King Rail Court
Middletown, DE 19709


                                            /s/ Seth M. Beausang
                                    Seth M. Beausang (DE I.D. No. 4071)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HE LI, CHANGAI ZHUO, and ZEHAO LI : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> MICHAEL CHERTOFF, Secretary of the : <br> Department of Homeland Security, EMILIO : <br> T. GONZALEZ, Director of U.S. : <br> Citizenship & Immigration Services : <br> (USCIS); PAUL E. NOVAK, JR., Vermont : <br> Service Center Director, U.S. Citizenship & : <br> Immigration Services; ROBERT S. : <br> MUELLER, Director of Federal Bureau of : <br> Investigation, : <br> : <br> Defendants. : | C.A. No. 06-733-JJF |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of the Defendants' Motion to Extend Time to Answer, and all papers filed in support thereof and opposition thereto, good cause having been show for the requested extension, it is ORDERED that the Motion is GRANTED and the Defendants must respond to the Complaint on or before April 13, 2007.

_____
UNITES STATES DISTRICT JUDGE